**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA HAVISON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS ALEXANDER & ASSOCIATES, INC.,<br><br>Defendant. | Civ. No. 15-cv-7059 (CCC-SCM)<br><br>**ORDER AND JUDGMENT** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Amanda Havison ("Plaintiff") for default judgment against Defendant Williams, Alexander & Associates, Inc. ("Defendant"). ECF No. 12. The time for Defendant to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendant on March 22, 2016. Plaintiff served Defendant with and filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on April 1, 2016. No opposition has been filed. For the following reasons, Plaintiff's motion for default judgment is granted.

The Court has subject matter jurisdiction over this case under federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims arise under 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA"). Defendant is subject to personal jurisdiction and venue in this Court and in New Jersey state courts, as it is a firm incorporated in New Jersey. Compl. ¶ 3.

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a party who has failed to plead or otherwise defend a claim for affirmative relief. Fed. R. Civ. P. 55(b)(2). Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit the entry of a default judgment. Plaintiff alleges Defendant placed a telephone call to Plaintiff's phone number on August 11, 2015, and left the following message: "This is a message for [Plaintiff]. Please contact Vanessa Ravario at 973-709-0400 extension 1526." Compl. ¶11. Based upon this phone call, Plaintiff brings a cause of action for four violations of the FDCPA against Defendant. As a preliminary matter for each claim, Plaintiff alleges Defendant began its efforts to collect an alleged consumer debt on behalf of another, and thus is a debt collector within the purview of the FDCPA. Compl. ¶ 9.

Accepting the allegations in the Complaint as true, Plaintiff has stated a sufficient cause of action for three violations of the FDCPA. Plaintiff has made out a claim for a violation of 15 U.S.C. § 1692d(6), which prohibits "the placement of telephone calls without meaningful

2

disclosure of the caller's identity" in connection with the collection of a debt. Plaintiff has made out a claim for a violation of 15 U.S.C. § 1692e(11), which prohibits the failure to disclose "in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." For the same reason, Plaintiff has also made out a claim for a violation of 15 U.S.C. § 1692e(10), prohibiting the use of deception or false representation to collect a debt. Kapeluschnik v. Leschack & Grodensky, P.C., 96-CV-2399, 1999 US Dist LEXIS 22883, at *26-27 (E.D.N.Y. Aug. 25, 1999) ("[S]ection 1692e(10) violation frequently accompanies the violation of a more specific section 1692e provision.").

Plaintiff does not state a claim for a violation of 15 U.S.C. § 1692f because he does not allege Defendant's conduct to be unfair or unconscionable beyond that which is otherwise prohibited in the previously discussed provisions of the FDCPA. See Strouse v. Enhanced Recovery Co., CIV.A. 12-4417, 2013 WL 3870017 (E.D. Pa. July 29, 2013) ("A complaint will be deemed deficient under [§ 1692f] if it does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA." (quoting Shand–Pistilli v. Prof'l Account Servs., Inc., No. 10-CV-1808, 2010 WL 2978029, at *6 (E.D. Pa. July 26, 2010)); Brown v. Credit Mgmt., LP, 1:14-CV-2274-TWT, 2015 WL 5480004 (N.D. Ga. Sept. 16, 2015) (finding plaintiff did not state a claim for § 1692f because she did "not state how the conduct was 'unfair' or 'unconscionable' aside from the allegedly harassing, oppressive, or abusive nature proscribed under § 1692d").

In addition to sufficiently stating three violations of the FDCPA, given that Defendant has failed to appear or plead in this action, the Court finds no basis for Defendant to claim a meritorious defense. See Jackson Hewitt v. Gleason, No. 13-510, 2013 WL 6384650, at *2 (D.N.J. Dec. 6, 2013); cf. Emcasco, 834 F.2d at 72 (holding that district court was required to consider whether

defendant's proffered answer raised meritorious defense). Plaintiff has been prejudiced by Defendant's failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Finally, where Defendant has failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time.

### A. Statutory Damages

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Boards of Trustees of Operating Engineers Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at **3-4 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. (internal quotations omitted). Plaintiff does not seek a hearing, and the Complaint and accompanying submissions provide the Court with sufficient information to grant Plaintiff's claims and award appropriate damages.

The FDCPA provides that, in addition to actual damages (which Plaintiff does not seek), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). Plaintiff argues the statue "provide[s] for a fine of $1000.00 per violation." Edward B. Geller Affirmation in Support of Motion for Default Judgement, ECF No. 12, at 4. However, the Third Circuit has explained that

the statute "is best read as limiting statutory damages to $ 1,000 per successful court action." Goodmann v. People's Bank, 209 F. App'x 111, 114 (3d Cir. 2006) (citing 15 U.S.C. § 1692k(a)).

"All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." Savino v. Computer Credit Inc., 164 F.3d 81, 86 (2nd Cir.1998) (citing Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir.1997)). As stated, supra, the Court has determined Defendant committed violations of 15 U.S.C. §§ 1692d(6), e(10), and e(11). Therefore, statutory damages are appropriate.

"In awarding additional damages, the court must consider 'the frequency and persistence of [the debt collector's] noncompliance,' 'the nature of such noncompliance,' and 'the extent to which such noncompliance was intentional.'" Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 578 (2010) (quoting 15 U.S.C. § 1692k(b)). Here, as to the frequency and persistence of the debt collector's noncompliance, Plaintiff alleges a single incident in which Defendant violated the FDCPA. Furthermore, the Court does not find Defendant's violation to be especially egregious, nor is there evidence that it was intentional. The Court finds statutory damages in the amount of $200 are sufficient. See Diena v. MCS Claim Servs., Inc., No. 13-5902, 2014 WL 5358995, at *6 (D.N.J. Oct. 20, 2014) (awarding $250 in statutory damages based upon a single incident of a threatening letter); Manopla v. Bryant, Hodge and Associates, LLC, No. 13–338, 2014 WL 793555, at *6 (D.N.J. Feb.26, 2014) (collecting cases); Crossley v. Lieberman, 868 F.2d 566, 572 (3d Cir. 1989) (affirming district court's decision that "[a] single incident . . . would permit a nominal award of $ 100 but would preclude a larger amount").

### B. Attorney Fees and Court Costs

Plaintiff also seeks $3,945 for attorney's fees and court costs pursuant to 15 U.S.C. § 1692k(a)(3). Under 15 U.S.C. § 1692k(a)(3), "in the case of a successful action," Plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." Plaintiff submitted an attorney affirmation by Edward B. Geller ("Affirmation") detailing the request for attorney's fees for $3,475, and court costs for $470. ECF No. 12.

To determine Plaintiff's reasonable attorney's fees, courts use the lodestar method. In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 300 (3d Cir. 2005). "The lodestar method is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Manopla 2014 U.S. Dist. LEXIS 24554, at *24. Here, the Affirmation provides a rate of $350 per hour for Mr. Geller for six and a half hours, and a rate of $400 per hour for the Law Office of M. Harvey Rephen & Associates, P.C., for three hours. The Court finds the Affirmation meets Plaintiff's burden of proving reasonableness of attorney's fees sought. Therefore, Plaintiff's request for attorney's fees is granted.

**IT IS** on this 30 day of November, 2016,

**ORDERED** that Plaintiff's motion for default judgment is granted; it is further

**ORDERED** that judgment is entered in favor of Plaintiff against Defendant in the total amount of $4,145, consisting of: (1) $200 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), (2) $470 in costs, and (3) $3,475 in attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**